**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ASHH, INC. d/b/a OOZE
WHOLESALE,
        Plaintiff,

v.

ALL ABOUT IT, LLC,
        Defendant.
_____

ALL ABOUT IT, LLC,
        Third-Party Plaintiff

v.

BMZ PARTNERSHIP, LLC, d/b/a
HEADY HARVEST and d/b/a AER
PREMIUM ELECTRONIC
CIGARETTES,

        Third-Party Defendant
_____/

Case No. 19-13223

Honorable Nancy G. Edmunds

**ORDER DENYING THIRD PARTY DEFENDANT'S
<u>MOTION TO DISMISS [18]</u>**

      This matter is before the Court on Third-Party Defendant BMZ Partnership, LLC's ("BMZ") motion to dismiss Defendant/Third-Party Plaintiff All About It, LLC's ("All About It") third-party complaint. (ECF No. 18.)  In its motion, BMZ argues that All About fails to state a plausible claim for relief and seeks dismissal of the third-party complaint under Federal Rule of Civil Procedure 12(b)(6).  All About It opposes the motion and alternatively requests leave to amend its complaint. (ECF No. 24.)  The Court finds that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), BMZ's motion will be decided on the briefs and

1

without oral argument. And for the reasons set forth below, the Court **DENIES** BMZ's motion to dismiss.

I. **Background**

In this trademark dispute, Plaintiff Ashh, Inc. ("Ashh") claims All About It sold counterfeit and otherwise infringing electronic cigarette batteries in violation of federal trademark statutes as well as Michigan consumer protection and competition law. (ECF No. 1.) Ashh alleges that All About It sold batteries in packaging that "intentionally mimic[ked] the distinctive design" of its OOZE® branded packaging trade dress. Ashh seeks, among other things, to recover damages arising from All About It's alleged infringement.

All About It denies selling an infringing product. It also contends that to the extent it is selling an infringing product, the product was innocently obtained from a third party—BMZ. Through its third-party complaint, All About it claims BMZ should ultimately bear responsibility for Plaintiff's claim because All About It purchased the batteries from BMZ. (ECF No. 13.) Specifically, All About It alleges it purchased "46,656 units of non-adjustable and adjustable voltage batteries with chargers" from BMZ. All About it also alleges that BMZ is a "merchant regularly dealing" in this sort of merchandise. All About It asserts claims for indemnity and breach of contract under Michigan's version of Uniform Commercial Code ("UCC") § 2-312(3), codified as M.C.L § 440.2312(3). And All About It contends that BMZ must compensate All About It for any losses if Ashh's infringement claims are successful.

BMZ now moves to dismiss All About It's third-party complaint pursuant to Rule 12(b)(6) for failure to state a claim.[1] (ECF No. 18.)  All About It opposes the motion and alternatively requests leave to amend its pleadings. (ECF No. 24.)

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] BMZ also initially moved for summary judgment under Federal Rule of Civil Procedure 56 arguing that the alleged transactions never occurred.  However, in its reply brief, BMZ concedes that factual issues likely prevent the Court from granting its motion for summary judgment under Rule 56 at this early stage of the proceeding.  For this reason, the Court will restrict its analysis to BMZ's motion to dismiss under Rule 12(b)(6).

3

> inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

*Id.* at 678, 129 S.Ct. 1937. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527.

In addition, if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *1006 *Turner v. Corr. Med. Servs., Inc.*, No. 13-11783, 2014 WL 861579, at *2 (E.D. Mich. Mar. 5, 2014). However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But "a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. App'x 694, 697 (6th Cir. 2005).

II.     **Analysis**

4

Through its third-party complaint, All About It asserts claims for indemnity and breach of contract against BMZ under M.C.L. § 440.2312(3).  All About It's theory of liability is relatively straightforward: if All About It is found liable to Ashh for selling the allegedly infringing batteries, BMZ should be liable for the same amount to All About It because BMZ sold All About It the allegedly infringing batteries.  BMZ contends that All About It's third-party complaint fails to state a plausible claim for relief and should be dismissed under Rule 12(b)(6).  Specifically, BMZ argues that the factual allegations in the third-party complaint are insufficiently detailed and merely recite the legal elements of the claims with little factual information.  BMZ also argues that All About It's legal theory is unclear, urging that All About It's claims of breach of contract and indemnity are better characterized as claims for breach of an implied warranty.

M.C.L. § 440.2312(3) provides that "a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like[,]" unless the parties agree otherwise or the infringing goods were made to the buyer's specifications.  A comment to the statute notes that a person is a "merchant" in relation to the goods for the purposes of subsection (3) "[w]hen the goods are part of the seller's normal stock and are sold in his normal course of business." *Id.* cmt. 3.

This statutory warranty against infringement is one of the UCC's "standard supplementary terms" which are incorporated into the contract for sale if the parties did not reach a more specific agreement on the term. *See Walbro Engine Mgmt., LLC v. Surecan, Inc.*, No. 333984, 2017 WL 6345825, at *3 (Mich. Ct. App. Dec. 12, 2017).  The UCC provides that "[a] contract for the sale of goods may be made in any manner

5

sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." M.C.L. § 440.2204(1). Purchase and delivery of goods generally demonstrates the existence of a contract between the parties under this and similar provisions of the UCC. *See Gage Prods. Co. v. Henkel Corp.*, 393 F.3d 629, 642 (6th Cir. 2004) (collecting cases). *See also* M.C.L. § 440.2207 cmt. 7 ("In many cases, as where goods are shipped, accepted and paid for before any dispute arises, there is no question whether a contract has been made…").

Here, accepting the factual allegations in the third-party complaint as true, the Court finds that All About It has sufficiently stated a claim for indemnification and breach of contract to survive BMZ's motion to dismiss. All About It alleges that it purchased the allegedly infringing batteries from BMZ, that BMZ is a merchant who regularly deals with goods of this kind, and that BMZ should ultimately bear responsibility if All About It is found liable to Ashh for trademark infringement. This is sufficient to state a plausible claim for relief on the record here. Moreover, All About It's reference to § 440.2312(3) in both claims makes its theory of liability sufficiently clear.

The Court agrees with BMZ that All About It's third-party complaint contains minimal details about the transaction and the relationship between the parties. However, All About It's assertion that it purchased the batteries from BMZ, along with the additional factual allegations in the third-party complaint, are enough to allege that a contract was formed by the parties' conduct, regardless of whether All About It identified a specific written agreement in its third-party complaint. *See* M.C.L. § 440.2204. *See generally Gage Prods. Co.*, 393 F.3d at 642 (finding genuine issue of material fact as to the existence of contract where the plaintiff presented evidence that it submitted numerous

purchase orders to the defendant, the defendant shipped products in response to those orders, and the plaintiff received and paid for the products). Furthermore, although the statement that BMZ is a "merchant regularly dealing" in electronic cigarette batteries could be construed as blurring the line between a factual assertion and a legal conclusion, it is certainly plausible that a company doing business as AER Premium Electronic Cigarettes would deal in electronic cigarette batteries in its "normal course of business." *See* M.C.L. § 440.2312 cmt. 3.

For these reasons, the Court finds that All About It's third-party complaint states plausible claims for indemnification under § 440.2312(3) and that its claims are sufficiently pled to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). This opinion, however, should not be construed as support for the ultimate viability of All About It's indemnification claims. In addition to providing more detail than its factually sparse third-party complaint currently provides, All About It will need to prove that the transactions actually occurred, which BMZ maintains will not be possible.

## IV.    Conclusion

For the reasons set forth above, BMZ's motion to dismiss (ECF No. 18) is **DENIED**. All About It's request for leave to amend its third-party complaint is **DENIED as moot**.

   **SO ORDERED.**

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  July 29, 2020

     I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager
